# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ALONZIO D. BRYANT, | ) |
| Plaintiff, | ) |
| | ) Case No. 18-cv-4388 |
| v. | ) |
| | ) Hon. Robert M. Dow Jr. |
| C.O. ROMAN, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Alonzio D. Bryant filed this 42 U.S.C. § 1983 suit alleging that correctional officers used excessive force and failed to intervene in regard to that excessive force while he was incarcerated at Stateville Northern Reception and Classification Center ("Stateville NRC"). Currently before the Court is Defendants' motion for summary judgment [32], which argues that Plaintiff did not exhaust his available administrative remedies. For the reasons that follow, Defendants' motion [32] is granted. The Court will enter judgment in favor of Defendants and against Plaintiff. Civil case terminated.

### I. Background

The Court draws the background facts from Defendants' N.D. Ill. Local Rule 56.1 Statement of Material Facts [33]. Plaintiff was given an opportunity to respond to Defendants' SOF, and he received a Local Rule 56.2 Notice to Pro Se Litigant explaining how to respond. [See 37, 38.] Nevertheless, he filed no response. The Court thus considers Defendants' factual assertions in its Rule 56.1 Statement admitted to the extent that they are supported by the record. See N.D. Ill. L.R. 56.1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing

party."); *Wilson v. Kautex, Inc.*, 371 Fed. App'x. 663, 664 (7th Cir. 2010) ("enforcing Local Rule 56.1 [i]s well within the district court's discretion, even though [a plaintiff] is a pro se litigant").

Plaintiff was an inmate at Stateville NRC from April 4, 2018 through May 15, 2018. [See 33, Def. SOF ¶ 7.] Plaintiff was given an Inmate Handbook upon arrival at Stateville NRC that outlined the grievance process. [*Id.* at ¶¶ 12-13.] He filed this suit in June 25, 2018. [*Id.* at ¶ 10.] In his complaint [9], Plaintiff alleges that on April 25, 2018, Correctional Officer Roman used excessive force on him and that Correctional Officer Whitfield was present but failed to intervene.

While incarcerated in the Illinois Department of Corrections, Plaintiff wrote one grievance on May 7, 2018. [See 33, Def. SOF ¶ 26.] In the grievance, Plaintiff seeks a review of video footage of a May 1, 2018 incident that resulted in disciplinary proceedings against Plaintiff. [See 34, Exh. 7. (copy of grievance).] The grievance does include a statement that Plaintiff believed his request slips to Internal Affairs have been destroyed, including a request slip "on a[n] assault matter that happened on 25th of April." [*Id.*] Plaintiff sought to have someone look at the video footage of May 1, 2018, to see that he did not engage in any wrongful activity. [*Id.*] The grievance does not indicate that Officer Roman entered his cell on April 25, 2018, nor does it mention Officer Whitfield at any point. [33 at ¶¶ 29-30.] Plaintiff did not appeal the grievance to the Administrative Review Board (ARB). [*Id.*, Def. SOF ¶ 31.]

**II.     Discussion**

Defendants' motion for summary judgment argues that Plaintiff did not exhaust administrative remedies before filing this suit. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Jajeh v. County of Cook*, 678 F.3d 560, 566 (7th Cir. 2012). The Court's role is "to determine whether there is a genuine issue for trial," *Tolan v. Cotton*,

2

134 S. Ct. 1861, 1866 (2014), not to "weigh conflicting evidence . . . or make credibility determinations." *Omnicare, Inc. v. UnitedHealth Group, Inc.*, 629 F.3d 697, 704 (7th Cir. 2011). If the party moving for summary judgment demonstrates the absence of a disputed issue of material fact, the burden shifts to the non-movant, who must show more than "some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine issue of material fact*." *Scott*, 530 U.S. at 380 (emphasis in original).

The Prison Litigation Reform Act states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement "is 'mandatory'" and "a court may not excuse a failure to exhaust" available remedies. *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016).

To exhaust administrative remedies, an inmate must use "'all steps that the agency holds out,' and he must 'do[ ] so properly (so that the agency addresses the issues on the merits).'" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). An inmate must use "the specific procedures and deadlines established by the prison's policy." *Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016); *Maddox v. Love*, 655 F.3d 709, 721 (7th Cir. 2011) (the Seventh Circuit has taken a "'strict compliance approach to exhaustion'" and a "prisoner must properly use the prison's grievance process").

Grievance procedures for Illinois prisoners are set out in 20 Ill. Admin. Code § 504.800, *et seq*. The applicable grievance procedures for Illinois Department of Corrections' (IDOC) inmates were as follows:

(1) Inmates begin the administrative process with a written grievance. See § 504.810(a).

(2) A prison grievance officer reviews the grievance, interviews witnesses and conducts investigations if needed, and reports his or her findings, conclusions, and recommendations to the Claims Administrative Officer (CAO). See 20 Ill. Admin. Code § 504.830. The CAO reviews the grievance officer's findings, conclusions, and recommendations, and the CAO submits his or her decision to the inmate. *Id.*

(3) If the inmate is unsatisfied with the CAO's decision, the inmate may appeal to the ARB within 30 days of the decision. See 20 Ill. Admin. Code § 504.850. The ARB—after reviewing the grievance and responses to it and interviewing the inmate and witnesses if necessary—submits its written findings and conclusions to the IDOC Director. *Id.* The Director then issues his or her written decision, which is returned to the inmate and which concludes the grievance process. *Id.*

The summary judgment record establishes that Plaintiff filed one grievance while at Stateville NRC. However, that grievance did not complain about or seek relief with respect to the alleged excessive use of force on April 25, 2018, and only mentioned the incident in support of Plaintiff's belief that request slips were being destroyed. The grievance does not indicate that Officer Roman allegedly assaulted Plaintiff on April 25, 2018, nor does it include any statement as to Officer Whitfield. Furthermore, Plaintiff never completed the next step of the required process by appealing an unsatisfactory decision to the ARB.

Defendants have submitted sufficient evidence demonstrating that a grievance system existed at Stateville NRC that was available to Plaintiff and that Plaintiff failed to use it regarding the allegations in this lawsuit before he filed this suit. Plaintiff has submitted nothing in response. Defendants are entitled to summary judgment based on Plaintiff's failure to exhaust available administrative remedies for his claims. See *Carroll*, 698 F.3d at 564 ("Once the moving party puts

forth evidence showing the absence of a genuine dispute of material fact, the burden shifts to the non-moving party to provide evidence of specific facts creating a genuine dispute.").

If Plaintiff wishes to appeal this decision and the corresponding adverse judgment, he must file a notice of appeal in this Court within thirty days of judgment and pay the $505.00 filing fee or seek leave to appeal *in forma pauperis*. See Fed. R. App. P. 4(a)(1). If he seeks to proceed IFP on appeal, his application must include the issues he intends to raise on appeal. See Fed. R. App. P. 24.

Plaintiff need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if he wishes the Court to reconsider its judgment, he may file a motion under Fed. R. Civ. P. 59(e) or 60(b). A Rule 59(e) motion must be filed within 28 days of the entry of this judgment, and cannot be extended. Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. See Fed. R. App. P. 4(a)(4)(A)(iv). A Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment. The time to file a Rule 60(b) motion cannot be extended. See Rule 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. See Fed. R. App. P. 4(a)(4)(A)(vi).

### III. Conclusion

The Court grants Defendants' motion for summary judgment [32]. This is a dismissal without prejudice, *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004), but it is a final and appealable order. Judgment will be entered against Plaintiff and in favor of Defendants. Civil case terminated.

Dated: October 28, 2019

_____
Robert M. Dow, Jr.
United States District Judge